# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DARYL LARAY JOHNSON, | Case No. 2:20-cv-0476-RFB-VCF |
| Petitioner, | |
| v. | **ORDER** |
| LAS VEGAS, | |
| Respondent. | |

*Pro se* Petitioner Daryl LaRay Johnson commenced this action by filing a Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241 challenging his impending extradition to the State of Idaho. The filing fee has been paid. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the § 2241 petition without prejudice for a lack of exhaustion.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See also Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. See Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998).

Johnson's petition names "Las Vegas" as the respondent and states that he is currently in custody at the Clark County Detention Center ("CCDC") awaiting extradition to the State of Idaho. (ECF No. 1 at 1–2.) He seeks to challenge the extradition warrant or detainer alleging, among other things, that he is being detained in violation of his due process rights under the Fifth Amendment. (Id. at 2, 6–8.) Johnson represents that he has not appealed any decision, filed a

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

grievance, or sought any administrative remedy, and he has not filed any other petition application or motion about the extradition issues. (Id. at 3–6.)

This Court has reviewed the register of actions of the Eighth Judicial District Court for Clark County, Nevada ("state court"), seeking additional information on the procedural history of Johnson's case. In the Matter of Extradition of Dayrl Laray Johnson, Case No. C-20-348046-P.[2] According to the register, a petition for extradition was filed on April 16, 2020, and the state court held an extradition hearing on April 21. The hearing minutes state that Johnson is "wanted in Idaho for possession of controlled substance and a probation violation and a governors warrant has been issued." The state court canvassed Johnson and continued the extradition hearing until May 26, 2020, to allow time for him "to challenge the extradition by writ."

Johnson's petition will be dismissed because he has not exhausted available state remedies. A petitioner seeking federal habeas relief must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *See, e.g., Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489–92 (1973) (state prisoner in custody in Alabama and subject to Kentucky detainer was required to exhaust available state court remedies to obtain federal habeas relief on his constitutional claim against Kentucky); Arevalo v. Hennessy, 882 F.3d 763, 764–67 (9th Cir. 2018) (petitioner exhausted state remedies where he filed two motions with California trial court, habeas petition with state court of appeals, and habeas petition with state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. Coleman v. Thompson, 501 U.S. 722, 731 (1991).

Here, the petition demonstrates a lack of exhaustion under Nevada law. Additional avenues of state court relief are available to Johnson under the Uniform Criminal Extradition Act ("UCEA," NRS 197.177 *et seq.*) and habeas statutes (NRS 34.360 *et seq.*). NRS 179.197(2) expressly

---

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records of these courts may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and
http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

authorizes a prisoner to "test the legality of the arrest" through an application for writ of habeas corpus in Nevada district courts. Johnson may seek further recourse in Nevada's appellate courts. See, e.g., Ewing v. State, 452 P.3d 933 (Nev. 2019); Sheriff, Clark Cty. v. Randono, 515 P.2d 1267 (Nev. 1973). The petition made no allegation or showing that Johnson sought relief from extradition in Nevada courts, and court records do not reflect that he attempted to obtain such relief. Rather, Johnson expressly stated that the petition is his first legal challenge. (ECF No. 1 at 3 ("This is my first time filing.").) As a matter of comity, this Court will not intervene in the Nevada's extradition procedures prior to giving Nevada courts an opportunity to redress any alleged violation of Johnson's constitutional rights. Accordingly, Johnson's petition will be dismissed without prejudice for lack of exhaustion.[3]

**IT IS THEREFORE ORDERED:**

1. Petitioner Daryl LaRay Johnson's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED without prejudice for lack of exhaustion.

2. A certificate of appealability is DENIED as jurists of reason would not find the dismissal for lack of exhaustion to be debatable or wrong.

3. The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED this 15th day of May, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[3] Although this action is dismissed without prejudice for lack of exhaustion, the Court does not explicitly or implicitly find that the petition is free of any other deficiencies, procedural or otherwise. For example, Johnson improperly names "Las Vegas" as respondent, and the conclusory factual allegations presented do not appear to state a cognizable claim for relief under the Due Process Clause. The Court does not reach these issues since the petition is dismissed without prejudice.